JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4752 PA (JPRx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | Anwar S. Knott v. Caliber Home Loans Inc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Caliber Home Loans, Inc. and U.S. Bank Trust N.A., as trustee for LSF8 Master Participation Trust (erroneously sued as US Bancorp Inc., dba U.S. Bank Trust N.A., as Trustee for LSF8 Master Participation Trust) (collectively, "Defendants"). In their Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Anwar S. Knott ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I.    Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4752 PA (JPRx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | Anwar S. Knott v. Caliber Home Loans Inc, et al. | | |

Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

One exception to the complete diversity requirement is "nominal party" status. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000)). "Removing Defendants bear the burden of proving a defendant is a nominal party." Latino v. Wells Fargo Bank, N.A., 2011 WL 4928880, at *2 (E.D. Cal. Oct.17, 2011).

The Ninth Circuit has also recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4752 PA (JPRx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | Anwar S. Knott v. Caliber Home Loans Inc, et al. | | |

AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

## II.   Analysis

According to the Notice of Removal, there is complete diversity among the parties because defendant Cal-Western Reconveyance LLC ("Cal-Western") "is to be ignored for purposes of diversity jurisdiction analysis because it is . . . a nominal and fraudulently joined party." (Notice of Removal at 2.) However, Defendants' efforts to have this Court ignore the California citizenship of Cal-Western are insufficient to allow removal based on diversity jurisdiction. Further, Defendants have also failed to establish Plaintiff's citizenship.

### A.   Plaintiff's Citizenship

The Notice of Removal, citing the Complaint, alleges "Plaintiff is a citizen of California, Caliber is a citizen of Delaware and Texas, and US Bank is a citizen of only Delaware." (Notice of Removal at 1.) The Complaint, however, only alleges Plaintiff's residence and ownership of a home in Bellflower, California. (Compl. ¶ 1.) The only support for Defendants' allegation of Plaintiff's citizenship is an allegation of residence. However, residence is not the same as citizenship. Therefore, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

### B.   Nominal Party Status

Defendants claim Cal-Western is a nominal party because it "has ceased operations and has filed an Assignment for Benefit of Creditors under Florida Statute 727." (Notice of Removal at 2.) "The Assignment Statute sets forth a uniform procedure for the administration of insolvent estates under state law while closely mirroring the alternative liquidation provisions of Title 11 of the United States Code, including that no proceeding may be commenced against the Assignee except as provided in the Assignment Statute." (Id. at 2-3.)

Defendants attach a "Petition Commencing Proceedings Under Assignment for the Benefit of Creditors" as evidence that Cal-Western is a nominal party. Some courts have determined that corporations that have been liquidated and have neither assets nor liabilities are not indispensable parties able to destroy diversity of citizenship. See Stonybrook Tenants Ass'n, Inc. v. Alpert, 194 F. Supp. 552, 553 (D. Conn. 1961). Here, however, it only appears Cal-Western has filed the Petition pursuant to Fla. Stat. § 727.101, et seq. It is not clear the court has taken jurisdiction over the petition. (See Notice of Removal, Exh. B ("the assignee requests that the court take jurisdiction over this matter.)) Because it is

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4752 PA (JPRx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | Anwar S. Knott v. Caliber Home Loans Inc, et al. | | |

not apparent that Cal-Western has been liquidated formally and is without assets or liabilities, Cal-Western is not a nominal or unnecessary party for purposes of removal.  See e.g., Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 437 (W.D. Va. 1990) (determining defendant RH was not a nominal party because it "ha[d] not liquidated formally pursuant to any bankruptcy proceeding" and "was properly served with the complaint in th[e] action.").

Defendants also argue Cal-Western is a nominal party because "the facts establish that Cal-Western does not have an actionable relationship with plaintiff" in its role as the substitute trustee. (Notice of Removal at 3.)  "However, others courts have held that 'Cal-Western's status as trustee is not itself sufficient to render Cal-Western a nominal party.'"  Nance v. Cal-W. Reconveyance Corp., No. LA CV14-07950 JAK, 2015 WL 452747, at *3 (C.D. Cal. Jan. 29, 2015) (citing Latino v. Wells Fargo Bank, N.A., No. 2:11-CV-02037-MCE, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011)); see also Silva v. Wells Fargo Bank NA, 2011 WL 2437514, at *5 (C.D. Cal. June 16, 2011) (acknowledging "the trustee on a deed of trust is often a nominal party" but finding the complaint on its face adequately pleaded claims against Cal-Western as trustee).  Here, the Complaint also contains adequate substantive allegations against Cal-Western.

Finally, Defendants suggest the statutory immunities set forth in Cal. Civ. Code § 2924(d) support their position that Cal-Western is a nominal party.  (Notice of Removal at 3.)  However, district courts have rejected this position.  See Latino, 2011 WL 4928880, at *3.  The Court in Silva found that it was "unclear whether these provisions would also apply where, as here, the plaintiff alleges that the foreclosing trustee was not *actually* the trustee authorized to initiate non-judicial foreclosure proceedings."  2011 WL 2437514, at *5 (emphasis in original).  The same reasoning applies in this case.  Plaintiff alleges "Cal-Western was not authorized to continue with the foreclosure proceedings . . . ." (Compl. ¶ 43, 67-70.)

For all of these reasons, Defendants have not shown that Cal-Western has been joined in a merely nominal capacity.

C.      Fraudulent Joinder

Defendants assert Cal-Western is fraudulently joined because the Complaint "offers no facts that might suggest that plaintiff can state a viable cause of action against Cal-Western.  Indeed, the complaint does not allege wrongful conduct by Cal-Western."  (Notice of Removal at 3.)  Defendants argue "District Courts have found Cal-Western to be fraudulently joined in materially similar cases thereby affirming the Court's diversity jurisdiction."  (Id. at 6.)  Defendants rely on Sherman v. Wells Fargo Bank, N.A., No. CIV S-11-0054-KJM-EF, 2011 WL 1833090, at *3 (E.D. Cal. May 12, 2011) to support their position.  In that case, the plaintiff brought claims for fraudulent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing against Wells Fargo and Cal-Western.  Those claims were based on the alleged conduct of Wells Fargo concerning plaintiff's requests for loan modification and for failure to notify plaintiff of a trustee's sale.  The court determined Cal-Western was fraudulently joined because the "underlying complaint [did] not allege that Cal-

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-4752 PA (JPRx) | Date | June 26, 2015 |
|---|---|---|---|

| Title | Anwar S. Knott v. Caliber Home Loans Inc, et al. |
|---|---|

Western violated any statutory or contractual duties it owed to plaintiffs," and "[t]he only factual allegation against Cal-Western . . . is that plaintiffs called Cal-Western and learned that the trustee's sale had been postponed." Sherman v. Wells Fargo Bank, N.A., 2011 WL 1833090, at *2. Defendants additionally rely on Moreno v. Wells Fargo, 2011 WL 6372637, at *5 (N.D. Cal. Dec. 20, 2011). In Moreno, the court similarly found Cal-Western fraudulently joined, noting its limited role in the alleged wrongdoing.

These cases are distinguishable. See Nance, 2015 WL 452747, at *6 (distinguishing Moreno and Sherman because, among other allegations, the complaint asserted that Cal-Western participated in the alleged wrongdoing and failed to comply with Cal. Civ. Code § 2923.5). Here, Plaintiff has also alleged that Cal-Western participated in the wrongdoing and failed to comply with Cal. Civ. Code § 2923.5. (Compl. ¶ 199.)

Cal. Civ. Code § 2923.5 sets forth procedures that a mortgagee, trustee, beneficiary, or authorized agent must follow before instituting non-judicial foreclosure proceedings. "Civil Code section 2923.5 precludes a trustee [ ] or mortgage servicer [ ] from recording a notice of default until 30 days after the loan servicer has made initial contact with the borrower to assess the borrower's financial situation and explore options for avoiding foreclosure, or has satisfied the due diligence requirements of the statute." Intengan v. BAC Home Loans Servicing LP, 214 Cal. App. 4th 1047, 1056, 154 Cal. Rptr. 3d 727 (2013). A plaintiff states a cause of action for wrongful foreclosure against a trustee "based on the purported failure to comply with Civil Code section 2923.5 before recordation of the notice of default." Id. at 1058, 154 Cal. Rptr. 3d 727 (demurrer in favor of trustee and mortgage servicer reversed because plaintiff had sufficiently stated a wrongful foreclosure cause of action against trustee and mortgage servicer where plaintiff alleged a failure to comply with Cal. Civ. Code § 2923.5).

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). The Complaint alleges Cal-Western failed to comply with Cal. Civ. Code § 2923.5. (Compl. ¶ 199.) "Plaintiff has asserted a viable cause of action against Cal-Western for purposes of the determination of jurisdiction." Nance, 2015 WL 452747, at *5. Thus, there is "non-fanciful possibility" that Plaintiff has stated claims against Cal-Western. Id. The Court finds Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claims against Cal-Western. See Plute, 141 F. Supp. 2d at 1008.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4752 PA (JPRx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | Anwar S. Knott v. Caliber Home Loans Inc, et al. | | |

### Conclusion

For all of the foregoing reasons, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. VC064821 for lack for subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED